IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JOSEPH A. FELTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 124-122 |
| | ) | |
| CS ATLANTA, GA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, incarcerated at Augusta State Medical Prison in Grovetown, Georgia, seeks to proceed *in forma pauperis* ("IFP") in this action filed pursuant to 42 U.S.C. § 1983. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED**, (doc. no. 6), and this action be **DISMISSED** without prejudice.

**I.   BACKGROUND**

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007); see also Lomax v. Ortiz-Marquez, 590 U.S. -, 140 S. Ct. 1721, 1726 (U.S. 2020) ("The point of the PLRA, as its terms show, was to cabin not only abusive but also simply meritless prisoner suits."). The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Rivera, 144 F.3d at 721-27.

## II. DISCUSSION

### A. Dismissal Is Warranted Because Plaintiff Has Three Strikes Under § 1915(g)

Plaintiff's jumbled complaint lists some, but not all, of the cases in Plaintiff's lengthy litigation history. (See doc. no. 1, pp. 1, 15-16.) Plaintiff does not disclose his IFP status of the few cases noted. However, the Court is aware Plaintiff has previously had an appeal and a case at the trial court level dismissed based on the "three strikes rule." Felton v. Chase Bank, No. 15-13568, *slip op.* at 2 (11th Cir. Nov. 3, 2015) (recognizing Plaintiff, while a prisoner, filed three prior civil actions or appeals dismissed as frivolous, malicious, or failing to state a claim upon which relief may be granted and denying IFP status on appeal); Felton v. Sheriff McBrayer, Civ. Act. No. 1:18-cv-4299-RWS, doc. no. 3 (N.D. Ga. Sept. 19, 2018) (collecting cases dismissed as frivolous, malicious, or failing to state a claim and concluding Plaintiff barred from proceeding IFP), *adopted by* doc. no. 5 (N.D. Ga. Oct. 19,

2

2018).[1]  Because Plaintiff has at least three strikes, he cannot proceed IFP unless he can demonstrate he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g).  Mitchell v. Nobles, 873 F.3d 869, 873 (11th Cir. 2017).

### B. Plaintiff Does Not Qualify for the Imminent Danger Exception

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint.  Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999).  Plaintiff names 79 Defendants, ranging from the Director of the FBI to Oprah Winfrey, Steven Spielberg and Bill Gates, to multiple judicial and law enforcement officers in Georgia and Illinois, to the Governor of Georgia and a United States Senator from Illinois, to John Doe NASA officials.  Among his rambling allegations, Plaintiff asserts he is subject roving global surveillance, (doc. no. 1, pp. 3, 10, 13), as well as that he died and "woke up" in 2014 after a radiation machine was thrown at him, (id. at 6, 13.)  These fantastic allegations of harm dating back ten years and current global surveillance at the direction of celebrities and NASA officials do not establish Plaintiff qualifies for the imminent danger exception.  The procedurally improper supplemental filing, (doc. no. 7), continues the pattern of fantastic allegations and also does not establish qualification for the imminent danger exception.

A claim is frivolous where "it relies on factual allegations that are 'clearly baseless,' which includes allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"  Gary v. United

---

[1]The following are included in the list of collected cases:  Felton v. Mays, Case No. 16 C 11488 (N.D. Ill. Jan. 10, 2017) (dismissed as frivolous); Felton v. Smith, Case No. 16 C 3995 (May 13, 2016) (dismissed as malicious); and Felton v. City of Univ. Park, IL, Case No. 15 C 4407 (N.D. Ill. June 11, 2015) (dismissed for failure to state a claim).

States Gov't, 540 F. App'x 916, 917 (11th Cir. 2013) (*per curiam*) (citing Denson v. Hernandez, 504 U.S. 25, 32-33 (1992)).  Stated otherwise, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible."  Id.  Here, Plaintiff's rambling, fanciful, and irrational allegations against a wide ranging group of public and private individuals and entities allegedly engaged in some type of global conspiracy against him - for which Plaintiff provides no factual basis - are frivolous on their face.  Plaintiff's allegations certainly do not demonstrate he faced a present imminent danger when he signed his complaint.  See Daker v. United States, 787 F. App'x 678, 681 (11th Cir. 2019) (*per curiam*) (explaining claims lacking "an arguable basis in either law or fact" are frivolous and litigant attempting to avoid three strikes bar to proceeding IFP must face a "present imminent danger").  General or conclusory allegations - certainly frivolous allegations - are "insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury."  Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004) (citing with approval Eighth Circuit precedent rejecting conclusory allegations as insufficient to satisfy imminent danger exception).

Without specific allegations grounded in plausible facts that an injury is imminent or threatened, Plaintiff does not satisfy the imminent danger exception.  See id.; see also Odum v. Bryan Cnty. Judicial Cir., No. CV 4:07-181, 2008 WL 766661, at *1 (S.D. Ga. Mar. 20, 2008) (requiring specific allegations grounded in specific facts indicating injury is imminent).  Thus, Plaintiff fails to demonstrate he should be excused from paying the full filing fee under the "imminent danger" exception to § 1915(g)'s three strike rule.

### III.    CONCLUSION

In sum, Plaintiff has accumulated at least three strikes against him and cannot satisfy the dictates of the "imminent danger" exception of § 1915(g).  Indeed, his claims are frivolous.  Thus, he fails to demonstrate that he should be excused from paying the full filing fee.  Accordingly, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED**, (doc. no. 6), and this action be **DISMISSED** without prejudice.

SO REPORTED and RECOMMENDED this 26th day of August, 2024, at Augusta, Georgia.

*[Signature]*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA